Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Donald Lee Rockwell, Jr.** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** | |
| Case number: | **25-50273** | |
| (If known) | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
All sections

Official Form 113
# Chapter 13 Plan                                                                                                                             12/17

## Part 1:   Notices

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$2,900.00** per **Month** for **12** months
**$4,100.00** per **Month** for **48** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐   Debtor(s) will make payments pursuant to a payroll deduction order.
☑   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑   Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Donald Lee Rockwell, Jr.** | Case number | **25-50273** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**Plus, funds received as of June 20, 2025 in the amount of $1,900.00, the plan payment start date is July 20, 2025.**

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>233,500.00</u>.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Countryside View POA** | **151 Wright Drive Clear Brook, VA 22624 Frederick County** | $25.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |
| **Fidelity National Title Insurance** | **151 Wright Drive Clear Brook, VA 22624 Frederick County** | $250.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |
| **John E Williams** | **151 Wright Drive Clear Brook, VA 22624 Frederick County** | $200.00<br>Disbursed by: | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |

| Debtor | **Donald Lee Rockwell, Jr.** | | Case number | **25-50273** |
|---|---|---|---|---|

☐ Trustee
☑ Debtor(s)

| Creditor | Address | Amount | Prepetition | % | | Total |
|---|---|---|---|---|---|---|
| **Winchester Medical Center** | **151 Wright Drive Clear Brook, VA 22624 Frederick County** | $250.00 | $0.00 | 0.00% | $0.00 | $0.00 |

Disbursed by:
☐ Trustee
☑ Debtor(s)

| **Select Portfolio Servicing, Inc** | **151 Wright Drive Clear Brook, VA 22624 Frederick County** | $1,453.69 | $110,950.64-$103,432.19 for pre-petition arrears; $4,511.07 for gap payments for the months of June 2025, July 2025 and August 2025; $3,007.38 for post-petition arrears for the months of September 2025 and October 2025 | 0.00% | pro-rata | $198,172.04 |

Disbursed by:
☑ Trustee
☐ Debtor(s)

*Insert additional claims as needed.*

**3.2**  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑  **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**  **Lien avoidance**.

*Check one.*

☐  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked*

☑  The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| **Information regarding judicial lien or security interest** | **Calculation of lien avoidance** | **Treatment of remaining secured claim** |
|---|---|---|

| Debtor | **Donald Lee Rockwell, Jr.** | | Case number | **25-50273** |
|---|---|---|---|---|

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim | |
|---|---|---|---|---|
| **Name of Creditor** **Countryside View POA** **Collateral** **151 Wright Drive Clear Brook, VA 22624  Frederick County CTA $442,960** **Lien identification** (such as judgment date, date of lien recording, book and page number) **Judgment Lien** **2020** | a. Amount of lien | $2,700.00 | **Amount of secured claim after avoidance** (line a minus line f) | |
| | b. Amount of all other liens | $460,059.53 | | |
| | c. Value of claimed exemptions | $54,575.00 | | |
| | d. Total of adding lines a, b, and c | $517,334.53 | **Interest rate** (if applicable) % | |
| | e. Value of debtor(s)' interest in property | -$442,960.00 | | |
| | | | **Monthly plan payment on secured claim** | |
| | f. Subtract line e from line d. | $74,374.53 | | |
| | Extent of exemption impairment *(Check applicable box):* ☑ **Line f is equal to or greater than line a.** The entire lien is avoided *(Do not complete the next column)* ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | **Estimated total payments on secured claim** | |
| **Name of Creditor** **Leonard Frenkil & Julia** **Collateral** **151 Wright Drive Clear Brook, VA 22624  Frederick County CTA $442,960** **Lien identification** (such as judgment date, date of lien recording, book and page number) **Judgment Lien** **08/17/2017** | a. Amount of lien | $78,500.00 | **Amount of secured claim after avoidance** (line a minus line f) **$6,825.47** | |
| | b. Amount of all other liens | $381,559.53 | | |
| | c. Value of claimed exemptions | $54,575.00 | | |
| | d. Total of adding lines a, b, and c | $514,634.53 | **Interest rate** (if applicable) **6%** % | |
| | e. Value of debtor(s)' interest in property | -$442,960.00 | | |
| | | | **Monthly plan payment on secured claim** **$163.68 monthly for 50 months** | |
| | f. Subtract line e from line d. | $71,674.53 | | |
| | Extent of exemption impairment *(Check applicable box):* ☐ **Line f is equal to or greater than line a.** The entire lien is avoided *(Do not complete the next column)* ☑ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | **Estimated total payments on secured claim** | |

*Insert additional claims as needed.*

**3.5   Surrender of collateral.**

*Check one.*

☑   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:   Treatment of Fees and Priority Claims**

| Debtor | **Donald Lee Rockwell, Jr.** | Case number | **25-50273** |
|---|---|---|---|

**4.1**  **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**  **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**23,350.00**.

**4.3**  **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,750.00**.

**4.4**  **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑  **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**  **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑  **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1**  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐  The sum of $       .
☑  __0__ % of the total amount of these claims, an estimated payment of $__0.00__.
☐  The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**  **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**  **Other separately classified nonpriority unsecured claims.** *Check one*.

☑  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:  Executory Contracts and Unexpired Leases

**6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7:  Vesting of Property of the Estate

**7.1**  **Property of the estate will vest in the debtor(s) upon**
*Check the applicable box:*
☑  plan confirmation.
☐  entry of discharge.

| Debtor | Donald Lee Rockwell, Jr. | Case number | 25-50273 |
|---|---|---|---|

☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1   Check "None" or List Nonstandard Plan Provisions**
  ☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**(a). Additional Adequate Protection:**
**Adequate Protection also consists of the following in this case:**

**Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of the this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.**

**Insurance will be maintained on all vehicles securing claims to be paid by the Trustee.**

**(b). Attorneys Fees**

**Attorneys Fees noted in Part 4.3 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Part 3, 4, 5 and 6 herein, except adequate protection payments, ongoing mortgage payments or regular payments to be paid by the Trustee.Said fees shall be paid pro-ratawith any DSO arrears being paid through the plan.**

**(c). Date Debtors to resume regular direct payments to Creditors that are being paid arrearages by the trustee under Part 3.1).**

| Creditor | Month Debtor to resume regular direct payments |
|---|---|
| Countryside View POA | August 2025 |
| Fidelity National Title Insurance | August  2025 |
| John E Williams | August  2025 |
| Winchester Medical Center | August 2025 |

_____    _____

 **########ATTENTION ALL SECURED CREDITORS LISTED IN PART 3.1  ######:**
**PLEASE TAKE NOTICE THAT THE DEBTOR INTENDS TO CONTINUE TO MAKE REGULAR PAYMENTS ON YOUR SECURED DEBT.  ACCORDINGLY, YOU, THE SECURED CREDITOR REFERENCED ABOVE IN PART 3.1 , SHALL SEND MONTHLY MORTGAGE/AUTOMOBILE STATEMENTS CONSISTENT WITH YOUR PREPETITION PRACTICE.  SENDING SUCH STATEMENTS SHALL NOT BE CONSIDERED BY THE DEBTORS TO BE A VIOLATION OF THE AUTOMATIC STAY.**

 **************** ATTENTION, CREDITORS LISTED IN PART 3.5.****************
**THE PROPERTY SECURED BY YOUR LOAN IS BEING SURRENDERED. A DEFICIENCY CLAIM MUST BE FILED WITHIN 180 DAYS OF CONFIRMATION OR THE ENTRY OF AN ORDER LIFTING THE STAY, WHICHEVER OCCURS FIRST. IF A DEFICIENCY CLAIM HAS NOT BEEN FILED WITHIN THIS TIME PERIOD, YOUR DEFICIENCY CLAIM WILL BE DISALLOWED. IF YOU FILE A DEFICIENCY CLAIM, YOU MUST ALSO PROVIDE PROOF THAT THE PROPERTY SURRENDERED WAS LIQUIDATED IN ACCORDANCE WITH STATE LAW.**

**Treatment and Payment of Claims.**
**• All creditors must timely file a proof of claim to receive payment from the Trustee.**
**• If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.**
**• If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.**
**• The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.**

***ATTN:STUDENT LOAN PROVIDERS/SERVICERS.Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loans, servicers and guarantors (hereafter referred to as "Ed") The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part of her student loan obligations.The Debtor shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven**

| Debtor | Donald Lee Rockwell, Jr. | Case number | 25-50273 |
|---|---|---|---|

repayment ("IDR") plan with the U.S. Department of Education William D. Ford Federal Direct Loan Program, including but not limited to the Public Service Loan Forgiveness program, without disqualification due to her bankruptcy, if otherwise eligible under Federal Law.Any direct payments made from the Debtor to Ed since the filing of the petition shall be applied to any IDR plan in which the Debtor was enrolled pre-petition, including but not limited to the Public Service Loan Forgiveness program.Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan. During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and other communications including, without limitation, notices of late payments or delinquency.These communications may expressly include telephone calls and e-mails.

Pursuant to Part 3.1, the Trustee shall pay (creditor) Select Portfolio Servicing, Inc. the designated post-petition mortgage payments through the plan.  These mortgage payments shall be classified and paid as follows:

**Pre-petition Arrears:  The prepetition arrears are $103,432.19**

**GAP Payments: The first three post-petition mortgage payments shall be disbursed pro-rata by the Trustee as post-petition arrears, including late fees, in the approximate amount of $4,511.07, for the months of June 2025, July 2025 and August 2025.**

**Other Post-petition Arrears:  The following additional post-petition default shall be cured and disbursed by the Trustee, approximately $3,007.38, for the months of September 2025 and October 2025.**

**Ongoing Payments: The regular post-petition mortgage payments shall be disbursed by the Trustee beginning with the mortgage payment due for the month of November 2025, and continuing for approximately 59 months; the total number of such payments to be made by the Trustee will usually equal the number of monthly plan payments being made by the Debtor(s) to the Trustee, unless the plan pays off early.**

**Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee may not begin until an allowed claim on behalf of the mortgagee has been filed.  At the completion of the term of the plan, it is predicted that the Debtor(s) shall resume monthly mortgage payments directly pursuant to the terms of the mortgage contract beginning with the payment due in October, 2030.**

## Part 9:    Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

| X | **/s/ Donald Lee Rockwell, Jr.** | X | |
|---|---|---|---|
| | **Donald Lee Rockwell, Jr.** | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| | Executed on    **June 20, 2025** | | Executed on |
| X | **/s/ Stephen E. Dunn** | Date | **June 20, 2025** |
| | **Stephen E. Dunn 26355** | | |
| | Signature of Attorney for Debtor(s) | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Donald Lee Rockwell, Jr.** | Case number | **25-50273** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$198,172.04** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$28,100.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$7,227.96** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*                        + | **$0.00** |

**Total of lines a through j**                                                   **$233,500.00**

COUNTRYSIDE VIEW POA  
PO BOX 12  
CLEAR BROOK, VA 22624

SELECT PORTFOLIO SERVICING, INC  
RAGT: CORPORATION SERVICE COMPANY  
100 SHOCKOE SLIP FL 2  
RICHMOND, VA 23219-4100

DEUTSCHE BANK NATIONAL TRUST CO  
C/O SELECT PORTFOLIO SERVICING, INC  
P.O. BOX 65250  
SALT LAKE CITY, UT 84165

WINCHESTER MEDICAL CENTER  
REG AGT WALTER P. SOWERS II  
220 CAMPUS BLVD, STE 420  
WINCHESTER, VA 22601

FIDELITY NATIONAL TITLE INSURANCE  
601 RIVERSIDE AVE  
JACKSONVILLE, FL 32204

WINCHESTER MEDICAL CENTER  
PRESIDENT, TONYA SMITH  
PO BOX 3340  
WINCHESTER, VA 22604

FIDELITY NATIONAL TITLE INSURANCE  
COMPANY, REG AGT: C T CORPORATION  
SYSTEM, 4701 COX RD STE 285  
GLEN ALLEN, VA 23060-6808

WINCHESTER MEDICAL CTR  
C/O BOOTH & STRANGE  
200 WEST MAIN STREET, SUITE B  
CLARKSBURG, WV 26301

JOHN E WILLIAMS  
3231 DUKE ST #601  
ALEXANDRIA, VA 22314

LEONARD FRENKIL & JULIA  
DAVIS FRENKIL  
200 MEANDER WAY  
GLADSTONE, VA 24553

RAS TRUSTEE SERVICES  
4012 RAINTREE RD, SUITE 100A  
CHESAPEAKE, VA 23321

SELECT PORTFOLIO SERVICING  
PO BOX 65250  
SALT LAKE CITY, UT 84165

SELECT PORTFOLIO SERVICING  
CEO, RANDHIR GANDHI  
327 S. DECKER LAKE DR  
SALT LAKE CITY, UT 84119

SELECT PORTFOLIO SERVICING  
ATTN: REMITTANCE PROCESSING  
PO BOX 65450  
SALT LAKE CITY, UT 84165

# United States Bankruptcy Court
## Western District of Virginia

In re **Donald Lee Rockwell, Jr.**　　　　　　　　　　　　　　Case No. **25-50273**
　　　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　Chapter **13**

# AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING

The attached plan is an amended plan that replaces the ☐ confirmed or ☑ unconfirmed plan dated **5/20/2025**.

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Thursday, August 14, 2025, at 9:30 am or as soon thereafter as the parties may be heard by Video Conferencing URL:https://vawb-uscourts-gov.zoomgov.com/j/1603692643; Id: 160 369 2643.**

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| Section of Plan | Change in Treatment | Creditor | Impact of Change |
|---|---|---|---|
| All sections | | All creditors | |

　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Stephen E. Dunn**
　　　　　　　　　　　　　　　　　　　　　　　　**Stephen E. Dunn 26355**
　　　　　　　　　　　　　　　　　　　　　　　　Counsel for Debtor(s)

*Counsel for the debtor shall file a separate certification of mailing and/or service of the amended chapter 13 plan and this cover sheet, unless the Court orders otherwise.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

In re:   **Donald Lee Rockwell, Jr.**                    **Chapter 13**

                                                Case No.   **25-50273**
           **Debtor(s).**

**CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN**

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on **6/20/2025**, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on **6/20/2025**.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint. I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| **Name** | **Address** | **Method of Service** |
|---|---|---|
| Countryside View POA | Countryside View POA<br>PO Box 12<br>Clear Brook VA 22624 | Certified Mail |
| Leonard Frenkil & Julia Davis Frenkil | Leonard Frenkil & Julia Davis Frenkil<br>200 Meander Way<br>Gladstone VA 24553 | Certified Mail |

/s/ Stephen E. Dunn
**Stephen E. Dunn 26355**
Counsel for Debtor(s)